FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

AUG 30 2007

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY HUTCHINS,<br>Inmate # GDC 487038, EF 254708,<br>    Plaintiff, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:07-CV-1824-TWT |
| v. | :: <br> :: <br> :: | |
| MEMBERS of the GEORGIA<br>BOARD OF PARDONS AND<br>PAROLES,<br>    Defendants. | :: <br> :: <br> :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Telfair State Prison in Helena, Georgia, has submitted the instant *pro se* civil rights action. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

AO 72A
(Rev.8/82)

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that the prisoner "can prove no set of facts [to] avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (noting that district court did not abuse its discretion in dismissing claim as time-barred when there was no indication in record that limitations period should be tolled – during, for example, pursuit of administrative remedies). See also Gonzales

v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915") (internal quotations omitted) (affirming 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of time-barred 42 U.S.C. § 1983 complaint as frivolous).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation).

## II. Plaintiff's allegations

In his complaint, executed on July 28, 2007, Plaintiff sets forth the following allegations against the members of the Georgia Board of Pardons and Paroles (the Board). Plaintiff alleges that, on May 15, 1997, and again on December 20, 2004, the

3

Board violated his Fifth and Fourteenth Amendment due process rights by denying him parole (1) even though the Board members had not been confirmed by the Georgia Senate, as required by State law; (2) without furnishing Plaintiff "a specific and sufficient written statement of its reason for denying parole," instead relying on "mere pro forma language" regarding the "seriousness of the offense" and "the welfare of society"; (3) without allowing Plaintiff access to information in his parole file maintained by the Board; and (4) without interviewing Plaintiff or publishing the criteria used to select which Georgia inmates the Board will interview. [Doc. 1 ¶ IV & Supp. Br. at 2-3, 6, 7-10.]

By way of relief, Plaintiff seeks (1) "an immediately new parole hearing by new Board members" confirmed and sworn in by the Georgia Senate; (2) "a written specific and sufficient statement of [the] Board's reason for denying parole," and a permanent injunction "prohibiting the Board from using nature of offense and incompatible to welfare of society as a reason to deny Plaintiff parole now and in the future"; (3) access to the information in Plaintiff's parole file "now and in the future"; and (4) the publication by the Board of "their criteria for interview," and an interview "with the five Board members face to face in person or . . . via satellite now and in the future." [Id., ¶ V & Supp. Br. at 10-11.]

4

### III. Discussion

In order to establish a due process claim, a prisoner must show that he has been deprived of life, liberty, or property without due process of law. Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). A Georgia state prisoner does not have a liberty interest in parole, and he may not pursue a claim in federal court alleging that the Board's exercise of its discretion to deny him parole was a violation of his due process rights. See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). Nevertheless, "the use of false information in a parole file can be a due process violation." Id. Even so, a prisoner "cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim." Id.

Plaintiff complains that the Board violated his federal due process rights in May 1997 and December 2004. However, as noted above, Plaintiff has no federal due process rights with respect to the Board's decisions to deny him parole, unless he can establish that, in reaching those decisions, the Board relied upon false information in his parole file. Instead, Plaintiff contends only that it is possible that he has been denied parole on the basis of "inaccurate or incomplete information" in his file, although the accuracy of that information "cannot be assured unless" he has access to the file. [Doc. 1, Supp. Br. at 7-8.] This conclusory allegation is insufficient to state

5

a federal due process claim for relief. Moreover, "[t]he statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). Therefore, any claim that Plaintiff might have against the Board members for denying him release on parole in 1997 and 2004 is time-barred.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 30 day of August, 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE